## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:12-cv-00526 (LPS) |
| | ) | |
| VIBRANT MEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, plaintiff General Electric Company

("GE") and defendant Vibrant Media, Inc. ("Vibrant Media"), by and through their respective

undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following

Protective Order:

      1.     All documents, materials, items, and/or information that contain or comprise

confidential research, development, commercial, or financial information produced or submitted

during the course of this action either by a party or by a nonparty to or for either of the parties

shall be governed by this Protective Order.

      2.     Any information or materials produced by any party or nonparty as part of

discovery in this action may be designated by such party or nonparty as (1) "Confidential";

(2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order; or (3)

"Restricted Confidential – Source Code".

      3.     As a general guideline, information or materials designated as "Confidential"

shall be those things that may be disclosed to designated employees of the parties for the

purposes of the litigation, but which must be protected against disclosure to third parties.  Absent

a specific order by this Court, once designated as "Confidential," such designated information

shall be used by the parties solely in connection with this litigation, and not for any business,

competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4.      As a further general guideline, information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Examples, without conceding the relevance thereof, of the types of information that may be designated as Highly Confidential – Attorneys' Eyes Only" include, but are not limited to:

     a.  Information related to current, or recent, product development;[1]

     b.  Information related to current testing;

     c.  Information related to new research;

     d.  Financial information of a Party, including pricing and sales information, financing information, and market projections;

     e.  Marketing plans of a party;

Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5.      The designation of information or material as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Restricted Confidential – Source Code" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

---

[1] "Recent" (or "current") product development may include activities taking place after issuance of U.S. Patent Nos. 6,092,074 and 6,581,065 but presumably would not include activities taking place before that date.

(a)     in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b)     in the case of documents stored electronically, such as on compact disk or other electronic storage device: by affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," as appropriate, on the outside of the storage medium, e.g., the disk.  A party desiring to make electronic copies of the disk or portions thereof shall affix the same designation on the copy as exists on the original.   A party desiring to forward or otherwise transmit by electronic means all or a portion of the contents of information or documents stored electronically, shall specifically notify the recipient(s) of the confidentiality designation applicable thereto; no designated materials shall be forwarded or transmitted electronically to anyone not entitled to received materials so designated under this Protective Order.  A party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy.

(c)     in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Restricted Confidential – Source Code," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties

01:12763461.1

3

within fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Restricted Confidential – Source Code."  The parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes Only" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition.  Unless so designated, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any document or information designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Restricted Confidential – Source Code" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6.      Information or material designated as "Confidential", or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)      parties' outside counsel of record in this action and regular and temporary employees or other personnel of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)      officers, directors, legal advisors, and/or employees of the parties to this action to the extent necessary to assist outside counsel in preparation of this case or evaluate the merits of the case and assess settlement options and provided that every such officer, director,

01:12763461.1

4

legal advisor, or employee has previously completed and signed an Undertaking in the form attached hereto as Exhibit A and notice of the Undertaking has been provided to all other parties. The other party shall have five (5) business days after receipt of written notice of the Undertaking to object in writing to such designated person's access to "Confidential" materials or information.  The parties shall, within ten (10) days after receipt of such written notice of objection confer in good faith and attempt to resolve the dispute.  If the dispute is not resolved, the objecting party may apply to the Court within ten (10) days after conferring with the designating party, or if the conference does not take place, then within twenty (20) days after receipt of such written notice of objection, to request that such designated person be denied access to Confidential materials or information.  Pending a ruling on said objection, the designated person shall not be given access to the materials or information.  If no application to the Court is timely made, the objection is waived.

(c)     consultants as defined in Paragraph 9 herein, subject to and conditioned upon compliance with Paragraph 10 herein;

(d)     the Court, pursuant to Paragraph 13 herein;

(e)     court reporters and deposition videographers employed in connection with this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(f)     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(g)     photocopy services, companies that digitize documents, and other similar outside vendors retained by counsel of record, subject to and conditioned upon compliance with Paragraph 11 herein;

(h)     non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 11 herein;

(i)     interpreters and translators employed in connection with this action , subject to and conditioned upon compliance with Paragraph 11 herein; and

01:12763461.1

5

(j)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

7.     Subject to the limitations set forth in Paragraphs 8 and 17, information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     parties' outside counsel of record in this action and regular and temporary employees or other personnel of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     consultants as defined in Paragraph 9 herein, subject to and conditioned upon compliance with Paragraphs 10 and 11 herein;

(c)     the Court, pursuant to Paragraph 13 herein;

(d)     court reporters employed in connection with this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(e)     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 11 herein;

(f)     photocopy services, companies that digitize documents, and other similar outside vendors retained by counsel of record, subject to and conditioned upon compliance with Paragraph 11 herein;

(g)     non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 11 herein;

(h)     interpreters and translators employed in connection with this action, subject to and conditioned upon compliance with Paragraph 11 herein; and

(i)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

(j)     For all parties, the in-house attorneys or legal personnel whose names are listed below, but no more than two (2) for each party, based on the representation that they have responsibility for maintaining, defending, or evaluating this litigation – subject to and conditioned upon compliance with Paragraph 11 herein:

    i. For Plaintiff:  Kenneth Glick and Patrick Patnode

    ii. For Defendant:  Julie Fenster

    iii. The in-house attorneys identified may be substituted by providing written notice of the proposed substitution or alteration to the opposing party five business days prior to such substitution, provided that the opposing party shall have five business days after receiving said written notice to object in writing to the proposed substitution or alteration.  If an objection is made within five (5) business days, the objecting party may, no later than five (5) business days after objection, petition the Court for an order prohibiting the substitution or alteration at issue.  The objecting party shall have the burden of persuasion that the substitution or alteration should not be made.

8.     Information Designated "Restricted Confidential – Source Code"

a.     Information or material designated as "Restricted Confidential – Source Code" is reserved for "Confidential" information that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code (*e.g.*, computer instructions or data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module; database schemas and procedures).  The following conditions shall govern the production, review and use of source code or design documentation information.

b.      All such Source Code, and any other Protected Information designated as "Restricted Confidential – Source Code," shall be subject to the following provisions.

i.      Source Code, to the extent any producing party agrees to provide any such information, shall be made available for inspection, and shall be made available in electronic format at the following locations:

> Plaintiff: Arnold & Porter LLP, 777 S. Figueroa Street, 43rd Floor, Los
>
> Angeles, CA 90017;
>
> Defendant: Foley & Lardner LLP, 111 Huntington Avenue, Boston, MA.

Source Code will be loaded on non-networked computer(s) that is/are password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, mobile telephones, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. Persons inspecting Source Code may use a non-networked laptop to take notes so long as the laptop does not contain a camera. All I/O ports on the laptop must be disabled. Laptops that enter the Source Code inspection room are subject to physical inspection. Once the producing party notifies the receiving party that the computer containing Source Code is available for inspection, unless otherwise agreed to by the producing and receiving parties, the computer containing Source Code will be made available for inspection during regular business hours, between 9:00 a.m. and 6 p.m. local time, upon reasonable notice to the producing party, typically three (3) business days in advance of the requested inspection.

ii.      The electronic source code shall be produced as it is kept in the normal course of business. In advance of a Source Code inspection, the parties shall meet and confer about the tools that will be installed on the secured computer for viewing and searching the Source Code produced, as well as which party should bear the cost for obtaining any related licenses. At a minimum, the tools or utilities to be installed on the computer must provide the

01:12763461.1

ability to (a) view, search and line-number any source code file, and (b) search for a given pattern of text through a number of files. The receiving party's outside counsel and/or technical advisers may request that specific commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least five (5) business days in advance of the inspection. The producing party may decline to install any requested inspection software if the software represents any unreasonable risk of compromising security of the source code or the Source Code computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order. For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

    iii. The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the Source Code, which may include portions of the Source Code to the extent narrowly tailored and reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this case, but may not copy what amounts to complete functions or blocks of source code. Such notes may be taken on a laptop. All of such notes shall bear the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE". No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

    iv. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise provided herein. However, the producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The receiving party may print portions of the Source Code when narrowly tailored and reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this case. In no event may the receiving party print more than 25 consecutive pages, or an

01:12763461.1

aggregate total of more than 500 pages, of Source Code during the duration of the case without prior written approval by the producing party. All printed Source Code will be collected by the producing party. Within five (5) business days, the producing party will produce the printed pages bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. The producing party may produce the printed pages on watermarked or colored paper. The receiving party may request up to three additional sets (or subsets) of printed Source Code, to be provided by the producing party in a timely fashion.

        v.      If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall seek relief by way of a protective order from the Court pursuant to Paragraph 3.g of the Scheduling Order in this action. (Dkt. 14.) The producing party must object in good faith and reasonably, and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

        vi.      Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except as otherwise provided herein or with prior written approval by the producing party.

        vii.      Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside litigation counsel for the receiving party; (ii) the offices of technical advisers who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate

01:12763461.1

10

location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

viii.    A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written notice requesting inspection. The producing party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The receiving party shall be entitled to a copy of the log.

ix.    Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

x.    The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

xi.    Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the producing party or further court order:

(a)    parties' outside counsel of record in this action and regular and temporary employees or other personnel of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)    consultants as defined in Paragraph 9 herein, subject to and conditioned upon compliance with Paragraphs 10 and 11 herein;

(c)    the Court, pursuant to Paragraph 13 herein;

01:12763461.1

(d)     court reporters employed in connection with this action, subject to and conditioned upon compliance with Paragraph 11 herein; and

(e)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

xii.     The receiving party's outside counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under Paragraph 8(b)(xi) above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code.

xiii.     Except as otherwise provided herein, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The receiving party shall maintain a log of all electronic images of

01:12763461.1

Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

xiv. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE if Source Code comprises the majority of the document, or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

xv. All copies of any portion of the Source Code, in whatever form, shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

xvi. The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph xi above (e.g., Source Code may not be disclosed to in-house counsel).

9. For purposes of Paragraphs 6(c), 7(b) and 8(b)(xi)(b) herein, a consultant shall be defined as a person who is neither an employee nor an independent contractor of a party, and who is not a past or current employee of either party, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

10. The procedure for having a consultant approved for access to information or materials designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Restricted Confidential – Source Code" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 9 herein, approved, shall provide the other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with

01:12763461.1

whom the consultant has been engaged in any consulting relationships in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

(b)     Within five (5) business days after providing (via email or facsimile) of the information and signed undertaking described in subparagraph (a) by the party seeking approval, the other party may object to the person proposed for approval if facts available to that party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" for purposes other than the preparation or trial of this case, or that there is a reasonable risk of competitive injury by providing the designated person access to such materials. Failure to object within five (5) business days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" information by that person where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

(c)     If the other party so objects, the parties shall, within ten (10) days from the date of providing notice of objection, confer in good faith and attempt to resolve the dispute. At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then, within ten (10) days from the date of the conference or within twenty (20) days from the date of providing notice of objection, the objecting party may move the Court for an order denying the designated person access to information designated "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code." These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require. Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a party from objecting to continued access of "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" information where facts suggesting a basis for objection are subsequently learned

01:12763461.1

14

by the party or its counsel. In the event that such a motion is filed, the designated person shall not have access to the objecting party's "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" information unless and until the Court enters an order or the parties stipulate in writing to providing for such access.

11.     All persons listed in Paragraphs 6(b), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i), and 7(j) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 7(b), 7(d), 7(e), 7(f), 7(g), 7(h), 7(i), and 7(j) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b)(xi)(b), 8(b)(xi)(d), and 8(b)(xi)(e) above may be given access to information or material designated as "Restricted Confidential – Source Code" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

12.     Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown by a party information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" wherein it appears on its face or from other documents or prior testimony that the material has been received or authored by that witness, or communicated to that witness by that same party, provided that the examining party makes a reasonable effort to obtain the witness' compliance with paragraph 11.

13.     Documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Restricted Confidential – Source Code" where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection pursuant to L.R. 5.1.3 and the Court's current CM/ECF Procedures referenced therein.  Pleadings, memoranda or other papers containing information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" shall also be filed under seal in the same manner.

14.     A party may challenge the other party's designation of information or materials produced herein as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" by serving a written objection upon the producing party.  The producing party shall notify the challenging party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection.  The parties shall confer in good faith as to the validity of the designation within ten (10) days after the challenging party has received the notice of the bases for the asserted designation.  To the extent the parties are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court within ten (10) days after conferring with the producing party, or if the conference does not take place, then within twenty (20) days after the challenging party has received the notice of the bases for the asserted designation, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated by the producing party as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code."

15.     All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to

01:12763461.1

those facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto. Details concerning the facilities and access to "Restricted Confidential – Source Code" are set forth above in Paragraph 8.

16.     All counsel for the parties who have access to information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17.     Notwithstanding any provision of this Order to the contrary, every person who receives information designated by another party as "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" under this Order is precluded from participating in any way in preparing or prosecuting, or supervising the preparation or prosecution of, or providing any such information to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, reexamination proceedings with the United States Patent and Trademark Office ("USPTO"), or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application having claims materially related to the subject matter of the information received by such person and designated by another party as "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code." This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within two (2) years after termination of this action through entry of non-appealable judgment or order for which appeal has been exhausted, or complete settlement of all claims by all parties in the action. Nothing in this provision shall prohibit any attorney of record in this litigation from assisting its client in reexamination proceedings or post grant review. Furthermore, this provision shall not prohibit the following three attorneys from preparing or prosecuting, or supervising the preparation or prosecution of any patent applications related to any technology of the Defendant, including, but not limited to, in-content contextual marketing and advertising:

(a)  Chris McKenna;

(b)  Meng H. Pua;

(c)  Julie Fenster

18.     Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," "Restricted Confidential – Source Code," or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any particular information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code";

(c)     prejudice in any way the rights of the parties to object to the production of documents or disclosure of information they consider not subject to discovery;

(d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)     prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)     prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information,

"Restricted Confidential – Source Code" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code"; or

> (h)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

19.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

> (a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

> (b)     is or becomes publicly known through no fault or act of such party; or

> (c)     is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

20.     In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order.  If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

21.     If a party inadvertently produces "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" information without marking

it as such, the receiving party may treat such information as allowed herein until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

22.     The inadvertent disclosure or production of information protected by privilege, *i.e.*, covered by the attorney-client privilege, work product protection, common interest, or other applicable privilege, shall not constitute or be deemed a waiver of any such privilege covering the inadvertently disclosed information or its subject matter, provided that the disclosing/producing party notify the receiving party as soon as reasonably possible and request the return or confirmed destruction of the privileged materials, unless the information appears on its face to be privileged. A party who receives such inadvertently disclosed or produced information may not use or disclose such information in this or any other proceeding or to any third party unless a subsequent Court Order is entered finding that the inadvertently disclosed or produced information not privileged or that the privilege has been waived, or the disclosing/producing party agrees in writing to such use or disclosure. Within five (5) business days of receiving such notification, or of realizing that the information appears to have been disclosed inadvertently, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Within five (5) business days of the receipt of the receiving party's confirmation that it has destroyed or returned all copies of the inadvertently disclosed or produced information, the disclosing/producing party shall provide the receiving party with a record establishing the privileged nature of the inadvertently disclosed or produced information (a "privilege log"). The disclosing/producing party must retain an unadulterated copy of all inadvertently disclosed or produced information. Notwithstanding the foregoing, the

01:12763461.1

receiving party may move the Court for an Order compelling production of the inadvertently disclosed or produced information on the ground that it is not, in fact, privileged. Any such motion must be filed within ten (10) days of receipt of the privilege log and must be filed under seal pursuant to L.R. 5.1.3 and the Court's current CM/ECF Procedures referenced therein. The moving party may not assert the circumstances surrounding the inadvertent disclosure or production as a ground for entering such an Order. The disclosing/producing party retains the burden of establishing privileged nature of any inadvertently disclosed or produced information. Nothing in this paragraph shall limit the right of any party to move the Court for an *in camera* review of the inadvertently disclosed or produced information to determine whether the information is privileged.

23. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

24. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

25. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

26. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted

01:12763461.1

Confidential – Source Code" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify return to the producing party or destruction thereof.  Counsel described in paragraphs 6(a), 7(a) and 8(b)(xi) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential, ""Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

27.      In the event that any information or material designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" through such use.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

28.      If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" by someone other than that party, the party shall give written notice, by hand, facsimile or electronic transmission, within five (5) business days of receipt of such subpoena,

demand or legal process, to those who produced or designated the information or material "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Restricted Confidential – Source Code" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

29.  Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential, " "Highly Confidential – Attorneys' Eyes Only," or "Restricted Confidential – Source Code" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

POTTER ANDERSON & CORROON LLP

/s/ Philip A. Rovner

Philip A. Rovner (No. 3215)
Jonathan A. Choa (No. 5319)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire

Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
msquire@ycst.com

OF COUNSEL:

Matthew W. Wolf (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

Nicholas H. Lee (admitted *pro hac vice*)
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
(202) 243-4000

*Attorneys for Plaintiff General Electric Company*

OF COUNSEL:

Matthew B. Lowrie (admitted *pro hac vice*)
Kevin M. Littman (admitted *pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199-7610
(617) 342-4006
*mlowrie@foley.com*
*klittman@foley.com*

*Attorneys for Defendant Vibrant Media, Inc.*


          IT IS SO ORDERED this _____ day of _____, 2012.


                              _____
                              LEONARD P. STARK
                              UNITED STATES DISTRICT JUDGE

01:12763461.1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on _____ in the case of *General Electric Company v. Vibrant Media, Inc.*, Case No. 1:12-cv-00526-LPS, USDC, District of Delaware. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                      [signature]

01:12763461.1