IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 12-526 (LPS) |
| VIBRANT MEDIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**VIBRANT MEDIA'S NOTICE OF SUBSEQUENT AUTHORITY
AND RECENT PROCEDURAL DEVELOPMENTS**

1.      Vibrant Media Inc. ("Vibrant Media") hereby provides notice that the Patent Trial and Appeals Board ("PTAB") recently issued decisions instituting *inter partes* reviews of all claims of both patents-in-suit, U.S. Patent Nos. 6,581,065 and 6,092,074. Those decisions are attached hereto as Exhibits A ('065 patent) and B ('074 patent). Additionally, the PTAB issued scheduling orders in both IPRs. The scheduling orders are attached hereto as Exhibits C ('065 patent) and D ('074 patent). Under the scheduling orders in both IPRs, GE's responses to the petitions are due on September 30, 2013, and all briefing will be completed by February 10, 2014, with oral argument scheduled for February 24, 2014. *See* Exs. C & D. Based on the date the IPRs were instituted, they are statutorily mandated to be concluded by July 29, 2014. *See* 35 U.S.C. § 316 (a)(11). To accept a proposed invalidity argument, the Patent Office must determine that it is reasonably likely that Vibrant will prevail. 35 U.S.C. § 314(a). Here, the Patent Office has made that determination for every claim at issue in this case.

Apart from the impact this development should have on Vibrant Media's pending motion to stay the case, it is now clear that claim construction in this case, at this time, is a moving

target. GE's arguments attempting to distinguish claim terms from what is shown in the prior art will become part of the prosecution history for the patents-in-suit and may affect the constructions by narrowing them.[1] Vibrant Media therefore respectfully submits that the Court should consider postponing the Markman hearing until the prosecution history is complete or at least until after GE's September 30 responses.

2.  Vibrant Media also hereby provides notice of a recent Federal Circuit decision that is relevant to its motion to stay the case. In *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 2013 U.S. App. LEXIS 13484 (Fed. Cir. July 2, 2013), an *ex parte* reexamination of a patent proceeded in parallel with the litigation. The litigation began in 2003, and after two trials, the relevant patent was held valid by the district court in 2007, resulting in a $14.266 million damages verdict. *Id.* at *4. In 2009, the Federal Circuit affirmed the validity holding concerning the relevant patent but remanded to reconsider the award of an injunction and the amount of the damages. *Id.* at *6. After an evidentiary hearing, the district court awarded post-verdict damages at a reduced royalty rate, and Fresenius appealed again in 2012. *Id.* at *7-8. In the reexamination proceeding, filed in 2005, the patent examiner rejected the relevant claims in 2007, and the BPAI affirmed the examiner's determination in 2010. *Id.* at *9-10. The Federal Circuit affirmed the BPAI decision in 2012, and a reexamination certificate issued in April 2013 cancelling all claims, while the case was still on (its second) appeal. *Id.* at *11-12. The Federal Circuit held that because the judgment in the litigation was not yet final, Baxter no longer had viable causes of action, rendering the litigation moot after years of litigation, including claim

---

[1] For example, the PTAB has asked GE to explain why claims 9-11 of the '074 patent are not indefinite as having both system and method limitations, and therefore GE will have to take a position on the meaning of those claims. (Ex. B at 7.)

construction and multiple trials.  *Id.* at \*25-43.  The Federal Circuit vacated the district court's judgment and remanded with instructions to dismiss.  *Id.* at \*46.

| | |
|---|---|
| Dated: July 31, 2013 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Monté T. Squire (No. 4764)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>msquire@ycst.com |
| | FOLEY & LARDNER LLP<br>Matthew B. Lowrie<br>Kevin M. Littman<br>111 Huntington Avenue<br>Suite 2600<br>Boston, MA 02199-7610<br>Tel: (617) 342-4006<br>Fax: (617) 342-4001<br>mlowrie@foley.com<br>klittman@foley.com |
| | *Attorneys for Defendant Vibrant Media, Inc.* |

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on July 31, 2013, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip A. Rovner, Esquire
>Jonathan A. Choa, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE 19899-0951
>*provner@potteranderson.com*
>*jchoa@potteranderson.com*
>
>*Attorneys for Plaintiff*

I further certify that on July 31, 2013, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

>Matthew M. Wolf, Esquire
>Arnold & Porter LLP
>555 Twelfth Street, N.W.
>Washington, DC 20004-1206
>*matthew.wolf@aporter.com*
>
>Nicholas H. Lee, Esquire
>Arnold & Porter LLP
>777 South Figueroa Street, 44th Floor
>Los Angeles, CA  90017-5844
>*nicholas.lee@aporter.com*
>
>*Attorneys for Plaintiff*

01:12485986.1

2

|  |  |
|---|---|
| Dated:  July 31, 2013 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/  Adam W. Poff<br>Adam W. Poff (No. 3990)<br>Monté T. Squire (No. 4764)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>apoff@ycst.com<br><br>*Attorneys for Defendant* |