IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : C.A. No. 1:12-cv-00526-LPS |
| VIBRANT MEDIA, INC., | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **4th** day of **December, 2013**:

IT IS HEREBY ORDERED that Vibrant Media's Renewed Motion to Stay Pending *Inter Partes* Review Proceedings Before the United States Patent and Trademark Office (D.I. 54) is GRANTED.

In the time since May 2013, when the Court denied Vibrant's earlier motion to stay (*see* D.I. 28, 49, 52), the Patent Trial and Appeal Board (PTAB) has instituted an *inter partes* review (IPR) of all of the asserted claims of the patents-in-suit, based on preliminary findings that all such claims are invalid. Regardless of their outcome, the IPR proceedings will simplify this case, as Vibrant will be estopped from contending that certain prior art invalidates the asserted claims and/or some or all of the asserted claims will be invalidated. Additionally, in the related action, defendant Kontera Technologies, Inc. has agreed, if these actions are stayed, to be estopped to the same extent as Vibrant is estopped. (*See* D.I. 55 at 4-5; Transcript of Nov. 26, 2013 hrg. ("Tr.") at 7; C.A. No. 12-525-LPS D.I. 38)[1] This was not Kontera's position when the Court considered

---

[1] The Court recognizes there is arguably some ambiguity here: in its own Motion to Stay (C.A. No. 12-525-LPS D.I. 38), Kontera "agrees to be estopped from asserting in litigation any

Vibrant's earlier motion. The PTAB has scheduled oral argument in the IPR for February 2014, so the delay caused by a stay will likely not be especially lengthy and, therefore, is unlikely to cause GE (which does not practice the patents-in-suit) undue prejudice. While the parties and the Court have invested resources in the litigation, and the litigation has advanced significantly since May, this action is far further away from conclusion than is the IPR. Additionally, the Court will permit fact discovery to be completed – reducing any risk of evidentiary staleness that might otherwise be present during the pendency of the stay – but will allow the parties to avoid the expense of expert discovery until after the results of the IPR are known.

Accordingly, IT IS FURTHER ORDERED that this matter is STAYED for all purposes except for the completion of fact discovery, pending the final outcome of the United States Patent and Trademark Office's *inter partes* review proceedings. The parties shall provide the Court with a status report within ten days following completion of the *inter partes* review proceedings.

_____
UNITED STATES DISTRICT JUDGE

---

prior art *already ruled on* by the PTO during the *inter partes* review proceedings" (emphasis added), while at the recent hearing counsel for Vibrant argued, "If Vibrant does not prevail [in the IPR], *there will be statutory estoppel for both Kontera and Vibrant* which, unlike before, means this Court and a jury will *never have to look at the arguments that were presented to the Patent Office. They'll be done*" (Tr. at 7) (emphasis added). The Court understands Kontera to have agreed that, in light of the stay, Kontera will be estopped to the full extent that Vibrant will be estopped. If this were not the case, some degree of countervailing complexity might result, as Kontera might argue it was free to assert certain invalidity defenses that Vibrant is estopped from asserting.